NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSICA MIRACLE; et al.,

Plaintiffs-Appellants,

v.

KATIE HOBBS, in her official capacity as
Arizona Secretary of State,

Defendant-Appellee,

STATE OF ARIZONA,

Intervenor.

No.    19-17513

D.C. No. 2:19-cv-04694-SRB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted April 17, 2020
San Francisco, California

Before:  HAWKINS and PAEZ, Circuit Judges, and RESTANI,** Judge.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

Plaintiffs Jessica Miracle, et. al., a group of petition signers, circulators, sponsors and initiative proponents (collectively, "Plaintiffs") brought this action against the Arizona Secretary of State.[1] Plaintiffs' complaint alleged that a law invalidating signatures in favor of an initiative petition if a registered circulator failed to respond to a properly served subpoena (the "Strikeout Law") violated their rights under the First and Fourteenth Amendments. Plaintiffs also sought a preliminary injunction to enjoin enforcement of the law, which has been in effect since 2014. The district court denied the motion for preliminary injunction, which is the subject of this appeal. We affirm.

We review the denial of a preliminary injunction for an abuse of discretion. *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc). "Our review is limited and deferential." *Id.* Plaintiffs seeking a preliminary injunction must establish they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff must make a showing on all four prongs of the *Winter* test to obtain a preliminary

---

[1] The Secretary of State is now a nominal defendant only, and the State of Arizona has intervened and taken on the defense of the case.

injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).[2]

The district court concluded that even if Plaintiffs had established a possibility of success on the merits, they failed to satisfy the remainder of the test, especially with information sufficient to justify disturbing the status quo pending the outcome of the litigation. We find no abuse of discretion in this determination.

We express no opinion on the underlying merits of Plaintiffs' claims. *See Winter*, 555 U.S. at 31. Assuming without deciding that Plaintiffs have raised "serious questions" as to the merits at least with respect to their content-based claim, they have failed to satisfy the remaining requirements for a preliminary injunction. The affidavits proffered below support only speculative injury. To the extent that Plaintiffs contend speech will be chilled if the Strikeout Law is left in place, the majority of circulators' affidavits indicate at most that they might be hesitant to work on petitions in the future; likewise, the initiative proponents do not indicate that they are dissuaded from trying to place initiatives on the ballots, but instead that they will plan to dedicate resources to ensure circulators appear in court if subpoenaed.

---

[2] So long as the other *Winter* requirements are satisfied, a plaintiff may also obtain a preliminary injunction by demonstrating "serious questions" going to the merits and that the balance of hardships tips sharply in the plaintiff's favor. *Alliance*, 632 F.3d at 1134–35 (citation omitted).

Moreover, circulators cannot consider being called to testify "an injury," as they have already agreed to consent to the state's jurisdiction in any action pertaining to signatures they collected, pursuant to a law they do not challenge. *See* A.R.S. § 19-118(A)–(B). Thus, the Strikeout Law imposes no new burden on them, only a new penalty for failure to appear. Any injury from signatures being stricken, on this record, is also quite speculative, as it would occur only *if* there was a court challenge, and *if* a circulator were properly served but failed to appear, and *if* the loss of that circulator's signatures caused the initiative to fail to qualify for the ballot.

In addition, the likelihood of irreparable harm is further tempered by the availability of various other remedies if a circulator is unable to physically appear, including motions to quash the subpoena and motions to appear telephonically. In at least one initiative challenge since the Strikeout Law went into effect, the Arizona state trial court granted every such motion by an individual circulator. The likelihood of imminent and irreparable harm is further undermined by the length of time between the enactment of the Strikeout Law in 2014 to filing suit in July 2019, thus allowing the law to remain in place for multiple election cycles. This delay "implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985).

As the district court also noted, the final considerations of the public interest and balance of equities cut both ways: the public interest is served by free and

4

unchilled speech but the public also wants guarantees of a fair and fraud-free election, and a state "indisputably has a compelling interest in preserving the integrity of its election process." *Eu v. San Francisco Cty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989). Thus, the balance of equities lies in equipoise and does not tip in plaintiffs' favor. *Cf. Winter*, 555 U.S. at 25–26.

Furthermore, as the district court also recognized, the injunction Plaintiffs seek would alter, rather than preserve, the status quo. This type of injunctive relief is disfavored unless there is a very strong showing in favor of the moving party. *Oakland Tribune,* 762 F.2d at 1377 ("Where no new harm is imminent, and where no compelling reason is apparent, the district court was not required to issue a preliminary injunction against a practice which has continued unchallenged for several years.").

For the foregoing reasons, at this stage of the litigation, an injunction is not appropriate. "We underscore that we express no opinion here on the correct disposition, after full briefing and argument, . . . on the ultimate resolution of [this case]. As we have noted, . . . no bright line separates permissible election-related regulation from unconstitutional infringements." *Purcell v. Gonzalez*, 549 U.S. 1, 5 (2006) (internal quotation marks, alteration, and citation omitted).

**AFFIRMED.**[3]

---

[3] The State's Renewed Suggestion of Partial Mootness [Dkt. # 49] is denied.